```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

JOHN JOHNS AND WIFE,
ANGELA JOHNS                                              PLAINTIFFS

VS.                           CIVIL ACTION NO. 3:05CV739-WHB-AGN

REGIONS BANK D/B/A REGIONS MORTGAGE,
GENERAL INSURANCE COMPANY OF AMERICA,
AND SAFECO INSURANCE COMPANY OF AMERICA
D/B/A SAFECO SFIS                                         DEFENDANTS


## OPINION AND ORDER

This cause is before the Court on Defendants' Motion to Compel Arbitration. Having considered the Motion, to which Plaintiffs failed to Respond, the Court finds that it is well taken and should be granted.

This cause of action arises out of an insurance coverage dispute. The policy in issue is a homeowners policy covering Plaintiffs' home in Osyka, Mississippi. The home was damaged during Hurricane Katrina. When Plaintiffs submitted a claim on the homeowners policy, they were informed that the policy had been cancelled for nonpayment, and that no coverage was available as a result.

Aggrieved by the coverage denial, Plaintiffs brought the instant cause of action alleging that the lapse in policy payments was a result of negligence on the part of Defendants for not properly attending to the escrow account associated with

Plaintiffs' home loan.  The suit was filed in the Circuit Court of Pike County, Mississippi, on November 10, 2005.  The claims in the Complaint allege breaches of various duties owed by Defendants to Plaintiffs.  The case was removed to this Court on December 9, 2005, on the basis of diversity of citizenship.[1]  Defendants filed the subject Motion to Compel Arbitration on December 12, 2005.  That Motion is now ripe for consideration.

Through the Motion to Compel, Defendants seek to compel Plaintiffs to submit the subject claims to arbitration pursuant to the arbitration agreements contained in the following four documents:

1)   Note, Exhibit "A" to Motion to Compel;

2)   Special Provisions Rider, Exhibit "B" to Motion to Compel;

3)   Alternative Dispute Resolution, Exhibit "C" to Motion to Compel; and

4)   Home Mortgage Disclosure Book, Exhibit "D" to Motion to Compel.

Each of these documents, which were executed by Plaintiffs and one or more of the Defendants, contains standard arbitration clauses.

As stated above, Plaintiffs failed to file a Response to the Motion to Compel and the deadline for filing a Response has passed.

---

[1] Plaintiffs are resident citizens of the State of Mississippi and all Defendants are citizens of states other than Mississippi. Thus complete diversity of citizenship exists in this case, and the amount in controversy is clearly above $75,000.00.  The Court therefore has jurisdiction over this cause under 28 U.S.C. § 1332.

Therefore, pursuant to the authority granted this Court under Rule 7.2(c)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi,[2] the Court finds that the Motion to Compel is well taken and should be granted.

In the alternative, the Court finds that the Motion to Compel should be granted on its merits. Attached to Defendants' Motion to Compel are copies of the four arbitration clauses which Defendants seek to invoke. The arbitration provisions clearly call for arbitration of the subject claims.

Suits to compel arbitration are governed in part by § 3 of the Federal Arbitration Act, which states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3. After reviewing the subject arbitration agreements under the purview of the binding provisions of 9 U.S.C. § 3, the Court finds that the arbitration provisions are not unconscionable and that there is no reason why they should not be enforced.

---

[2] Rule 7.2(c)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."

Accordingly, the Court finds that Plaintiffs' claim must be submitted to arbitration.

Based on the findings presented above:

IT IS THEREFORE ORDERED that Defendants' Motion to Compel Arbitration (docket entry no. 2) is hereby granted.  Plaintiffs are hereby ordered to submit the claim asserted against Defendants in this case to arbitration, in accordance with the provisions contained in the following documents: (1) the Note; (2) the Special Provisions Rider; (3) the Alternative Dispute Resolution agreement; and (4) the Home Mortgage Disclosure Book.

IT IS FURTHER ORDERED that this case is hereby administratively dismissed from the active docket of this Court subject to the right of either Plaintiffs or Defendants to re-open the case if further judicial intervention is necessary to enforce the rulings of this Court, or to enforce the rulings of the arbitrator.  A Final Judgment stating the same will be entered.

SO ORDERED this the 16th day of February, 2006.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE

tct